(85 South. 879)

WILLIAMS v. STATE.   (8 Div. 686.)

(Court of Appeals of Alabama. May 18, 1920.)

CRIMINAL LAW ⚖═260(11)—CONVICTION NOT DISTURBED UNLESS PALPABLY CONTRARY TO WEIGHT OF EVIDENCE.

Where defendant accused of violating the prohibition law, was tried by a court without a jury, the conviction will not be disturbed on the ground of insufficiency of the evidence, the trial court having had the opportunity of observing the testimony and demeanor of the witnesses, unless its conclusion was palpably contrary to the great weight of the evidence.

Appeal from Circuit Court, Madison County; Robt. C. Brickell, Judge.

Charlie Williams was convicted of violating the prohibition law, and he appeals. Affirmed.

R. E. Smith, of Huntsville, for appellant. J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

BRICKEN, P. J. The defendant was convicted of the offense of violating the prohibition law. He was tried upon an original affidavit and before the court sitting without a jury. There were no exceptions reserved to any rulings of the court pending the entire trial, and the only question presented is whether or not the evidence is sufficient to authorize the judgment of conviction.

Upon an examination of the record we find that there was ample evidence which, if believed by the court, was sufficient upon which to predicate the judgment rendered.

The testimony was given ore tenus, the court below having the opportunity of hearing the testimony and observing the demeanor of the witnesses testifying. We are unable to say from the evidence in the record that the conclusion reached by the trial court is plainly and palpably contrary to the great weight of the evidence. In fact, the contrary appears to be true. It follows that the judgment of conviction rendered must be affirmed.

Affirmed.

---

(85 South. 834)

JONES v. STATE.   (2 Div. 209.)

(Court of Appeals of Alabama. May 18, 1920.)

1. TRESPASS ⚖═89 — GENERAL AFFIRMATIVE CHARGE FOR THE STATE ERRONEOUS, WHERE INFORMATION LAID POSSESSION JOINTLY IN SEVERAL AND EVIDENCE SHOWED POSSESSION IN ONE ONLY.

Where the information for trespass laid the possession of the property jointly in five parties, while the uncontradicted evidence disclosed that the possession was in only one party, it was error to give the general affirmative charge for the state.

2. CRIMINAL LAW ⚖═561(1)—JURY AUTHORIZED TO RETURN VERDICT OF GUILT ONLY WHEN THEY BELIEVE EVIDENCE BEYOND A REASONABLE DOUBT.

A jury is only authorized to return a verdict of guilt against a defendant charged with crime when they believe the evidence beyond a reasonable doubt.

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Art Jones was tried upon an information of the solicitor based upon an affidavit charging trespass after warning, was convicted, and, from the judgment, he appeals. Reversed and remanded.

Joe D. Lindsey, of Butler, for appellant. No brief reached the Reporter.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State. No brief reached the Reporter.

SAMFORD, J. The bill of exceptions in this case is not in strict accord with the rules of this court, but it does not present such a case as would authorize the striking of the bill of exceptions.

[1] The information of the solicitor lays the possession of the property jointly in five parties, while the uncontradicted evidence discloses the fact that the possession was only in one party. For this reason, the court erred in giving the general affirmative charge for the state as requested.

The affirmative charge, given at the request of the state, was as follows: "If you believe the evidence in this case, you should find the defendant guilty."

[2] A jury is only authorized to return a verdict of guilt against a defendant charged with crime when they believe the evidence beyond a reasonable doubt. This being omitted from the charge as requested, the court committed error.

For the two errors above pointed out, the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.